FILED
2015 Feb-18 PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **ETHYL LEE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:13-CV-398-VEH** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Ethyl Lee Williams ("Williams") initiated this social security appeal on February 27, 2013. (Doc. 1). This matter is before the court on the objections (Doc. 17) of the Commissioner to Magistrate Staci G. Cornelius's report and recommendation (the "R&R"),[1] which proposes that the decision of the Commissioner be reversed and remanded. (Doc. 16). Both parties filed briefs relating to Williams's appeal. (Docs. 12-13). The R&R was entered on July 25, 2014. (Doc. 14). The Commissioner's objections were filed on August 8, 2014. (Doc. 15). This case was randomly reassigned to the undersigned judge on January 30, 2015. (Doc.

[1] The parties have not consented to the jurisdiction of the magistrate judge. Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

17).

The matter, therefore, is now under submission, and for the reasons explained below, the court **OVERRULES** the Commissioner's objections, and **ACCEPTS** the R&R in its entirety. Consequently, the Commissioner's decision is due to be **REVERSED** and **REMANDED** for further proceedings.

## II. STANDARDS

### A. Social Security Appeals

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*,

because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## **B. District Court Review of Report and Recommendation**

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[2] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2d Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and

would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III. ANALYSIS

The Commissioner challenges only one aspect of the R&R: the magistrate's finding that the ALJ failed to address Williams's argument that she could not meet the attendance requirements for any employment. (Doc. 17 at 1-2). Therefore, the Commissioner has waived any objection as to other parts of the R&R. After reviewing the R&R for clear error as to those portions without any objection pending, the court finds none and **ACCEPTS** all those parts of the R&R. The court has considered *de novo* the part of the R&R to which the Commissioner objects: the conclusion that the ALJ committed reversible error by failing to make findings on whether Williams could meet the attendance requirements for employment.

The Commissioner does not dispute that the medical record shows that Williams had medical treatments or appointments much more frequently than once a month or that the vocational expert testified that employers would tolerate no more than one absence per month. (Doc. 17 at 2). Rather, the Commissioner argues that the magistrate's conclusion was mistaken because it

> requires the assumption that Plaintiff would have missed an entire workday for

> each of her medical appointments, which is not evident from the records. Moreover the majority of the medical appointments cited were routine follow-ups with Plaintiff's pain management specialist Dr. Upadhyay, recurring on a [*sic*] essentially monthly basis with additional infrequent injection therapy. Many of the rest of the cited physician visits were with Plaintiff's primary care sources and were during times that largely coincided with or were in very close proximity to her regular pain treatments. As such, much of the duplication for medical visits likely could have been avoided. This is particularly true in light of the fact that many of Plaintiff's visits to her primary care sources were for her alleged pain, which was generally reported as well controlled by her pain management specialists.

(Doc. 12 at 3-4) (citations to transcript omitted throughout).

This argument evinces an incorrect understanding of the standard of review employed by the court. The R&R does not make any of its own findings as to Williams's alleged disability; it merely recommends a remand in order that the ALJ make a finding on a crucial issue that he left unaddressed. Therefore, the question is not whether the magistrate is relying on an "assumption . . . which is not evident from the record" (Doc. 17 at 3), but whether the ALJ's decision depends on an assumption that is not evident from the record.

In light of the evidence showing that Williams often had multiple medical appointments each month (*see* discussion in Doc. 16 at 10-11) and the vocational expert's testimony that missing more than one day per month would be incompatible with any employment (Tr. 69-70), a finding as to how many days Williams would be expected to miss each month is crucial to a disability determination. According to the

Eleventh Circuit,

> When the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion. In such a situation, to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal citations and quotation marks omitted). In this case, it perhaps is conceivable that each and every month Williams could schedule all of her required medical care on a single day, but it is not clear from the record that this is so. The record does not reveal whether her physicians[4] would always be able to fit her in on the same day of each month, and so it would be speculative for the court to assume so.

Likewise, the court cannot conclude[5] on the basis of the record that any of Williams's visits to her primary doctors were "duplication[s]" that "likely could have been avoided" because her pain "was generally reported as well controlled by her pain management specialists." (*see* Doc. 12 at 3). Whether or not it would be medically advisable for her to see only her pain management specialist or only a primary care source, rather than both, is a medical opinion. There is no such opinion

[4] One of whom, Dr. Updhyay, is in Anniston (*see* Tr. 363), and one of whom is in Gadsden (*see* Tr. 453).

[5] Nor, for that matter, does the court see how the ALJ could reach that conclusion without the opinion of a medical source.

given by any medical source in the record. Therefore, it would be speculative to adopt the Commissioner's argument.

The court therefore concurs with the magistrate's recommendation to remand so that the ALJ can "clarify whether Williams's severe impairments would require her to be absent from work more than one day per month to attend medical appointments and whether such absenteeism would preclude her from engaging in her past relevant work or any work in the national economy." (Doc. 16 at 11).

## IV. CONCLUSION

For the reasons set out above, the court **OVERRULES** all of the Commissioner's objections and **ACCEPTS** the R&R. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and the case is **REMANDED** for further proceedings. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 18th day of February, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge